# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**CHRISTOPHER LEE CHAFIN,**

    **Plaintiff,**

v.                                      **Case No. 2:16-cv-05127**

**WEST VIRGINIA DIVISION OF**
**JUVENILE SERVICES, WEST VIRGINIA INDUSTRIAL**
**HOME FOR YOUTH, and UNKNOWN OFFICERS**
**THAT WORKED AT WEST VIRGINIA INDUSTRIAL HOME FOR YOUTH,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is a Motion to Dismiss filed by the West Virginia Division of Juvenile Services and the West Virginia Industrial Home for Youth (ECF No. 15).

## PROCEDURAL HISTORY

On June 7, 2016, the plaintiff, who is presently incarcerated at a state correctional facility in Georgia, filed a Complaint (ECF No. 2) alleging that he was physically and sexually abused by staff at the West Virginia Industrial Home for Youth in Salem, West Virginia (hereinafter "WVIHY").[1] The Complaint neither alleges any specific time frame

---

[1] As noted in the defendants' Memorandum of Law, on July 1, 2013, the WVIHY was renamed the Salem Correctional Center and became an adult correctional facility operated by the West Virginia Division of Corrections. Therefore, it stopped housing juveniles prior to that date.

of when this abuse occurred, nor the identities of the correctional officers who allegedly abused him.

However, the plaintiff has also filed a Memorandum in support of his Complaint (ECF No. 10), which indicates that he arrived at Salem when he was 13 years old, and was 31 years of age when he filed the Memorandum on November 18, 2016. The Memorandum also suggests that the first incident of physical abuse occurred during his first week at the WVIHY, which, by calculation of the plaintiff's age, would have been sometime in 1998. Additionally, because it is believed that the plaintiff could only be housed at the WVIHY until he turned 18, it would appear that the latest date any abuse could have occurred would have been sometime in 2002 or 2003.[2]

On June 22, 2017, the West Virginia Division of Juvenile Services ("WVSJS") and the WVIHY filed a Motion to Dismiss (ECF No. 15) and a Memorandum of Law in support thereof (ECF No. 16), asserting that the plaintiff's Complaint is time-barred and, that, at any rate, these defendants are immune from a suit by a private citizen seeking monetary damages in federal court. Specifically, the motion documents assert that, although the plaintiff has not specified when this alleged abuse occurred, it is clear that the Complaint was filed well outside the two-year statute of limitations applicable to claims brought under 42 U.S.C. § 1983 in West Virginia. Additionally, the defendants assert that the WVDJS and the WVIHY (which was simply a facility operated by the WVDJS) are arms of the State of West Virginia and, as such, are not suable entities under section 1983 and are immune from a suit for damages in federal court under the Eleventh Amendment of the United States Constitution.

---

[2] Although the plaintiff's Memorandum states that he was 31 years old when he filed the Memorandum, the pleadings and other documents of record do not state the plaintiff's birth date.

On July 3, 2017, the plaintiff filed an Objection to the Motion to Dismiss (ECF No. 21) (hereinafter "the plaintiff's First Response"), in which he alleges, in pertinent part, as follows:

> As a juvenile, I did not know that the physical abuse that I was a victim of violated my rights. Now as an adult, I understand completely that a child should never go through this kind of abuse because it has left me with emotional scars so deep that I need psychological treatment to deal with the hurt and pain that I still suffer from.

(ECF No. 21 at 3). On July 10, 2017, the plaintiff filed another Objection to the Motion to Dismiss (ECF No. 23) (hereinafter "the plaintiff's Second Response"). In the second response, the plaintiff asserts as follows:

> I developed a condition like many juveniles develop when they suffer extreme shock from being abused. I as a child forgot what happened to me and it is as though my subconscious blocked out this abuse to protect me. About January 2016 I started having "flashbacks" and my memory came back to me and I started remembering everything and also developed severe stress, depression, and other mental health problems as a result. A mental health employee discussed these "flashbacks" with me and helped me know what was going on. This happened while I was in the Athens-Clarke County Jail. Therefore, I clearly did not know of these events due to my "mental block" and psychological issues so this is why the state's statute of limitations should not be used.

(ECF No. 23 at 1). Thus, the plaintiff appears to be arguing, for the first time, that the court employ a "delayed discovery rule" to the statute of limitations based upon his repressed memories of the abuse he allegedly suffered at the WVIHY.[3]

The plaintiff's Second Response further asserts that the defendants are governmental entities capable of being sued and that no immunity should apply in this matter because the WVDJS engaged in a lack of supervision over the WVIHY and possibly

---

[3] The plaintiff also incorrectly argues that this court should consider the "long statute of limitations" applicable to sex crimes. This is not a criminal proceeding and this court cannot institute any criminal investigations or proceedings, particularly with respect to alleged crimes under state law. Thus, this argument is specious.

3

even encouraged its employees to engage in the abuse of the plaintiff and other children. Thus, the plaintiff asserts that the WVDJS had an official policy or custom that led to his constitutional injury, and that it should be held accountable for the conduct alleged in his Complaint.

On July 21, 2017, the WVDJS and WVIHY filed a Reply (ECF No. 24), in which they dispute the credibility of the plaintiff's repressed memory assertions, noting that there was no mention of the same in either his Complaint or his First Response. The Reply states as follows:

> Plaintiff first responds by arguing that he did not remember the events alleged in his Complaint until January 2016. (ECF No. 23-1). Thus, he believes the statute of limitations should not be used against him. (Id.) Defendants want to point out the shift in Plaintiff's allegations. In his Complaint, Plaintiff does not contend that he only recently remembered these events, but rather that he still has memories of this abuse and requests psychological treatment. (ECF No. 2-8). Plaintiff also filed a "Memorandum in Support of his Complaint wherein he also fails to assert that he only recently remembered these events. (ECF No. 10). In fact, in Plaintiff's Memorandum of Support, he actually claims the opposite. "These actions have left me with unforgettable memories that have affected my life very negatively. I am now thirty one years old and still affected by these abusive actions." (*Id.* at 3-4). Further, Plaintiff states: "I will never forget what happened to me . . ." (*Id.* at 4). Thus, it is clear that Plaintiff did not actually forget or repress any of the alleged events, or if he did he didn't make these allegations in his Complaint. Plaintiff cannot now claim to have done so only because a Motion to Dismiss was filed.

(ECF No. 24 at 1-2). The Reply further notes that the plaintiff has filed a number of other lawsuits in federal courts in West Virginia and Georgia, asserting, *inter alia*, claims of abuse by correctional officers at other facilities that has caused him emotional damage. (*Id.* at 2). Finally, the Reply contends that the plaintiff's attempt to overcome sovereign

4

immunity by asserting that the state entities should be held liable under a *Monell*[4] theory of liability is meritless. (*Id.* at 2, 4).

On August 28, 2017, the plaintiff filed an unauthorized "Sur-Reply" (ECF No. 26), which simply attempts to bolster his assertion of repressed memories of the alleged abuse. His Sur-Reply states in pertinent part:

> Furthermore, my claims that I didn't remember the events that truly happened to me mentioned in the Complaint are not fabricated in any way whatsoever. Those violations happened, but I could not remember them until January 2016, so therefore I filed this Complaint only months after I remember what happened to me. In my opinion, the defendants are just denying these actions because they don't want to bear the burden of the truth. They are trying to misrepresent my claims to the court. Once I remembered these events they've caused me a lot of stress and depression and I feel I will never forget them now and I will be affected by these memories the rest of my life. I do not want this case dismissed because the defendants do not want to accept liability and choose to misconstrue my allegations.

(ECF No. 26 at 1). The Sur-Reply also objects to the consideration by this court of any other litigation in which the plaintiff is involved as irrelevant. (*Id.*) The plaintiff requests that the Motion to Dismiss be denied and that this matter be permitted to proceed with discovery.

## **STANDARD OF REVIEW**

The defendants' motion asserts that the plaintiff's Complaint fails to state any plausible claim upon which relief can be granted and, thus, the Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing

---

[4] *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978) (recognizing a theory of municipal liability based upon actions taken pursuant to official policy or custom). Here the plaintiff seeks to extend the *Monell* doctrine to the actions of a state agency. However, as addressed *infra*, such a claim will not overcome the WVDJS's sovereign immunity from a suit for damages in federal court.

5

the well-pleaded factual allegations in the complaint as true, and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* at 678.

## ANALYSIS

### A. The WVDJS and WVIHY are not persons under 42 U.S.C. § 1983 and are immune from a suit for damages under the Eleventh Amendment.

Notwithstanding the defendants' argument that this matter is barred by the applicable statute of limitations, the Complaint fails to state a claim upon which relief can be granted against the WVDJS and WVIHY. First, the WVIHY is simply a now-defunct facility that was operated by the WVDJS or its predecessor. Therefore, it is not a suable entity. Moreover, the WVDJS is not a "person" subject to suit under 42 U.S.C. § 1983.

To succeed with a claim brought under section 1983, a plaintiff must allege both a violation of a right secured by the Constitution or laws of the United States and that a person acting under color of state law committed the alleged violation. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011). The defendants' Motion to Dismiss correctly asserts that, as an arm of the State of West Virginia, the WVDJS is not a "person" suable under section 1983. *See, e.g., Roach v. Burch*, 825 F. Supp. 116 (N.D. W.Va. June 28, 1993) (finding that the West Virginia Regional Jail & Correctional Facility Authority is not a person suable under § 1983).

Moreover, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Absent waiver or consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State,

7

including its agencies and officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Congress did not waive this sovereign immunity when it enacted section 1983 and the State of West Virginia has not consented to suit thereunder.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the WVDJS, a state agency and the WVIHY, which was a state facility, are immune from liability for monetary damages under the Eleventh Amendment and are not persons who can be sued under 42 U.S.C. § 1983. Accordingly, the plaintiff's claims against them must be dismissed.

### B. The pleadings do not definitively establish that the Complaint is time barred.

In addition to the WVDJS and the WVIHY, the plaintiff has named as additional defendants "officers unknown that worked at West Virginia Industrial Home for Youth," although such defendants remain unidentified (i.e. "John Doe" defendants). The plaintiff previously filed a "Motion to Gain the Identity of Specific Officers That Need to Be Added as Defendants" (ECF No. 18), in which he requested that this court order Stephanie J. Bond, the Director of the WVDJS, to provide the identities and pictures of all correctional officers who worked at the WVIHY between 1998 and 2002, in an effort to assist him in identifying the John Doe defendants. The undersigned denied the motion without prejudice pending the resolution of the Motion to Dismiss. Although the Complaint fails to state a claim upon which relief can be granted with respect to the WVDJS and WVIHY, the undersigned now turns to the statute of limitations defense raised by the defendants with respect to the claims against the John Doe correctional officers.

8

It is well-established that cases filed in federal court under 42 U.S.C. § 1983 follow the analogous state limitation for personal injury matters. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); *Owens v. Okure*, 488 U.S. 235 (1989); *Blanck v. McKeen*, 707 F.2d 817 (4th Cir. 1983). West Virginia has a two-year statute of limitations for cases similar to personal injury, which is routinely applied to section 1983 actions. W. Va. Code § 55-2-12(b); *see McCausland v. Mason County Bd. of Educ.*, 649 F.2d 278 (4th Cir. 1981); *Rodgers v. Corporation of Harpers Ferry*, 371 S.E.2d 358 (W. Va. 1988). Furthermore, although state law governs the length of the limitations period in a § 1983 action, and closely related question concerning the tolling thereof, the time of accrual of the cause of action is a matter of federal law. *See, e.g. Hardin v. Straub*, 490 U.S. 536 (1989); *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002); *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006); *Wells v. S.C.D.C.*. No. 8:10-2405-CMC-BHH, 2010 WL 5479901, *2 (D.S.C. Nov. 18, 2010) (citing *Wade v. Danek Med., Inc.*, 192 F.3d 281, 289 (4th Cir. 1999); *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc).

Although W. Va. Code § 55-2-12(b) provides the general personal injury limitation period, because the plaintiff was a minor when the alleged abuse occurred, the undersigned believes that the savings provision contained in W. Va. Code § 55-2-15 is also implicated in determining the running of the statute of limitations in this matter. At the time that the plaintiff filed his Complaint, W. Va. Code § 55-2-15 provided that, if the plaintiff was a minor when the cause of action accrued, the plaintiff had two years from the date that he or she reached the age of majority (which was 18 years of age) to file suit, so long as suit was brought within 20 years of the date the cause of action accrued. Therefore, the plaintiff herein would have had until his 20th birthday to file a timely lawsuit.

Because the plaintiff has not provided any information other than the fact that he was 13 when he arrived at the WVIHY and 31 when he filed his Memorandum in support of his Complaint on November 16, 2016, this court is left to estimate that the plaintiff turned 20 years old sometime in 2005. Accordingly, without some alternative basis for running the statute of limitations, or the tolling thereof, it appears that the statute of limitations expired no later than December 31, 2005.[5]

However, the plaintiff has asserted that he repressed all memory of his abuse until January of 2016, when he was undergoing mental health treatment, and then recalled these incidents. Under federal law, a claim accrues "when plaintiff knows or has reason to know of the injury which is the basis of the cause of action." *National Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1162 (4th Cir. 1991). Thus, a section 1983 claim accrues "either when the plaintiff has knowledge of his claim or when he is put on notice – e.g. by the knowledge of the fact of injury and who caused it – to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." *Nasim*, *supra*, 64 F.3d at 955. The Supreme Court has further stated "the discovery rule would trigger the limitations period at that point, only if a reasonable person in [the plaintiff's] position would have learned of the injury in the exercise of due diligence." *TRW Inc. v. Andrews*, 534 U.S. 19, 30 (2001).

Accordingly, the determinative issue before this court is whether such alleged repression of memories operates to apply a "delayed discovery rule" such that the plaintiff's cause of action is not considered to have accrued until January of 2016. If the

---

[5] Although section 55-2-15 is not addressed by the defendants in their motion documents, this analysis is not inconsistent with their position that the plaintiff's cause of action accrued, at the latest, on the last day the plaintiff could have been in custody at the WVIHY, which would have been until he turned 18. This date also safely falls within the 20-year statute of repose contained in section 55-2-15.

10

court were to apply a delayed discovery rule in this manner, then the plaintiff's Complaint filed on June 7, 2016 would be timely filed.

> Numerous courts around the country apply the delayed discovery doctrine to cases alleging childhood sexual abuse followed by a temporary loss of memory. *See, e.g., Johnson v. Johnson*, 701 F. Supp.1363, 1370 (N.D. Ill. 1988); *Doe v. Roe*, 191 Ariz. 313, 955 P.2d 951, 960 (1998); *Evans v. Eckelman*, 216 Cal.App.3d 1609, 265 Cal. Rptr. 605, 610 (1990); *Phinney v. Morgan*, 39 Mass. App. Ct. 202, 654 N.E.2d 77, 79-80 (1995); *Jones v. Jones*, 242 N.J. Super. 195, 576 A.2d 316, 321 (App. Div. 1990); *Ault v. Jasko*, 70 Ohio St.3d 114, 637 N.E.2d 870 (1994). Application of the doctrine to such cases constitutes both the majority rule and the modern trend in American jurisprudence. *See Doe*, 955 P.2d at 960; *Ault*, 637 N.E.2d at 872.

*Herndon v. Graham*, 767 So.2d 1179, 1185-86 (Fla. 2000). The State of West Virginia has also recognized a discovery rule, and has further found that determination of the application of a statute of limitations defense is often fact-determinative and may require further development. *See Dunn v. Rockwell*, 689 S.E.2d 255 (W. Va. 2009); *E.K. v. West Virginia Dep't of Health & Human Serv.*, No. 16-0773, 2017 WL 5153221 **6-7 (W. Va. Nov. 7, 2017). The Court in *E.K.* stated:

> Because statute of limitations issues are often fact-determinative, a circuit court should hesitate to dismiss a complaint on this ground based solely on the face of the complaint. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). "A statute of limitations analysis is generally riddled with questions of fact which the Defendants must establish in order to bar Plaintiffs' claims. Because of this fact-intensive burden, affirmative defenses such as the statute of limitations are generally not resolved with a motion to dismiss under Rule 12(b)(6)." *Allen v. Dairy Farms of Am., Inc.*, 748 F. Supp.2d 323, 353-54 (D. Vt. 2010) (footnote and citation omitted). Accordingly, "[u]nless the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development." *Foss v. Bear, Stearns & Co., Inc.*, 394 F.3d 540, 542 (7th Cir. 2005).

2017 WL 5153221 at *6.

In the instant matter, questions of fact exist as to whether application of a delayed discovery rule is reasonable and appropriate in this matter. Accordingly, because the

11

pleadings do not definitively establish that the Complaint is time barred, the undersigned proposes that the presiding District Judge **FIND** that dismissal of the claims against the John Doe correctional officers without further factual development is inappropriate. The plaintiff should be given some opportunity to identify the unknown correctional officers and to demonstrate facts to support his claims against them and to support his assertions of repressed memory of the facts giving rise to such claims. *See, e.g., Farmer v. Wilson*, No. 2:14-cv-13256, 2014 WL 4629591 (S.D. W. Va. Sept. 14, 2014) (Copenhaver, J.) (A plaintiff should be given reasonable opportunity to identify unknown defendants through discovery).

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Motion to Dismiss of the West Virginia Division of Juvenile Services and the West Virginia Industrial Home of Youth (ECF No. 15), but leave this matter referred to the undersigned for further proceedings concerning the claims against the unknown officers named as defendants in the plaintiff's Complaint.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such

objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

<u>January 25, 2018</u>

Dwane L. Tinsley
United States Magistrate Judge