# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON

**CHRISTOPHER LEE CHAFIN,**

    **Plaintiff,**

**v.**                                        **Case No. 2:16-cv-05127**

**WEST VIRGINIA DEPARTMENT OF**
**JUVENILE CORRECTIONS,** *et al.*,

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the defendants' Motion to Dismiss for Failure to Prosecute and Failure to Comply with a Court Order (ECF No. 38).

## PROCEDURAL HISTORY

On June 7, 2016, the plaintiff, a Georgia state prisoner, filed a Complaint (ECF No. 2) alleging that, sometime between 1998 and 2002, he was physically and sexually abused by unidentified staff at the West Virginia Industrial Home for Youth in Salem, West Virginia (hereinafter "WVIHY"), which was operated by the West Virginia Division of Juvenile Services ("WVDJS"). On January 25, 2018, the undersigned entered an Order and Notice directing the WVDJS to provide the plaintiff with a list of the full names of all officers who worked at the WVIHY between 1998 and 2002 by February 15, 2018. (ECF No. 28). Thereafter, the plaintiff was to file an Amended Complaint by March 19, 2018.

(*Id.*)[1] The Order and Notice notified the plaintiff that the failure to file an Amended Complaint would result in the undersigned's recommendation of dismissal of the Complaint. (*Id.* at 2).

On February 13, 2018, the WVDJS filed a Notice of Disclosure indicating that they had sent the required information to the plaintiff at the Georgia Department of Corrections Diagnostic Program ("GDCP") in Jackson, Georgia, which was the address provided by the plaintiff on October 24, 2017. (ECF No. 27). The plaintiff did not update the court with any change of address thereafter. On March 1, 2018, defendants' counsel filed a Supplemental Notice of Attempt of Disclosure (ECF No. 33), indicating that the required information had been returned as undeliverable.

On March 26, 2018, the plaintiff filed a Motion for Extension of Time and for Sanctions (ECF No. 34), indicating that he had not received the defendants' disclosure of information and seeking an extension of time to file his Amended Complaint and sanctions against the defendants for failure to comply with the court's Order. The plaintiff's motion indicated that he had been transferred to Ware State Prison in Waycross, Georgia; however, as noted above, the plaintiff had not notified the court and defense counsel of his transfer prior to that time.

On April 2, 2018, defendants' counsel filed a Notice of Supplemental Disclosure (ECF No. 36), indicating that the required information had been re-mailed to the plaintiff at the Ware State Prison address. Nonetheless, the plaintiff has failed to file his Amended Complaint. Thus, on June 5, 2018, the defendants, by counsel, filed the instant Motion to Dismiss for Failure to Prosecute and for Failure to Comply with a Court Order (ECF

---

[1] On February 28, 2018, Judge Copenhaver adopted the undersigned's Proposed Findings and Recommendation (ECF No. 29) and granted the Motion to Dismiss filed by the WVDJS and WVIHY, leaving only the unidentified officers as proposed defendants.

No. 38). The plaintiff has not responded to that motion and, as of this date, has still failed to file his Amended Complaint.

## STANDARD OF REVIEW

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

The plaintiff has failed to file an Amended Complaint as directed by the court, despite being provided with the full names of correctional officers who worked at the WVIHY between 1998 and 2002 some seven months ago. Likewise, the plaintiff failed to file any response to the defendants' present Motion to Dismiss. Thus, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to prosecute this civil action.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' Motion to Dismiss for Failure to Prosecute and Failure to Comply with a Court Order (ECF No. 38) and dismiss this civil action in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

November 14, 2018

Dwane L. Tinsley
United States Magistrate Judge